Nott, J.,
delivered the opinion of tbe court:
Tbe counsel for tbe defendants correctly said, upon tbe argument, that this case involves a single legal question, and that tbe second and fifth sections of tbe Act 1st March, 1879 (20 Stat. L., 329), contain all tbe law bearing upon it. That question is whether collectors of internal revenue should be allowed tbe commission of one-half of 1 per centum on tax stamps, as provided by the fifth section of tbe statute, subject to all the limitations of tbe second section, or subject only to the limitation of section 3145 of tbe Revised Statutes.
That commission for a long time bad formed, and still continued to form, a part of a collector’s compensation. Tbe act 1879, as originally framed and passed by tbe House of Representatives, undoubtedly was intended to materially change tbe system of compensation and to abolish this commission. But when the bill came to tbe Senate it was amended by inserting in it a section ol tbe then existing law, and that amendment is this fifth section of the act, which, at the time of its insertion in the bill, was a part of section 3314 of the Revised Statutes. No change of form or phraseology was made. Even the words “ this title,” which referred to Title XXXV of the Revised Statutes, and which have no other or new significance in the act 1879, were retained in the amendment. It was as if the draftsman who prepared the amendment simply tore a section out of the Revised Statutes and pasted it upon the bill under consideration.
When Congress thus re-enact a distinct and entire provision of existing law, with no change in form or phraseology, and with no new context which must necessarily modify its meaning or enlarge or restrict its operation, it must be held that Congress intended to leave an existing provision of law unre-pealed and unaltered, and that it should be interpreted and administered precisely as if Congress, instead of repeating it, had designated it in the usual manner and declared 'that it should not be repealed by the new enactment.
The purpose which must be ascribed to Congress in such in *130 stances of legislation is not to enact, but to codify. It is a rational purpose, and a matter of no small help and convenience to public officers who have to administer our statute law.
In the present instance it may be conceded that this provision of the old law is incongruous with other provisions of the new and that its language as transplanted is even inconsistent with itself; but it cannot be inferred that Congress by retaining an old provision intended a new thing.
The words “this title” in the Revised Statutes meant Title XXXY, and the reference to Title XXXV as “this title” was but a form of phraseology. If the Revised Statutes, instead of saying “this title,” had said “Title XXXV,” and Congress had transferred those words to the act of 1879 instead of the words “this title,” not the shadow of a doubt would rest upon the legislative intent. Assuredly, if Congress had intended to change the law, it is but reasonable to hold that they would have changed the language of the law. The words “this title” in the new law must be deemed to mean what they meant in the old, Title XXXV of the Revised Statutes; and the limitation which they there set upon a collector’s stamp commissions continues to be the limitation of the act of 1879. It is to be found in section 3145 of the Revised Statutes, which declares that “the total net compensation of a colleetor shall not in any case exceed, four thousand five hundred dollars a year.”
The judgment of the court is that the claimant recover the balances of his commissions under the fifth section of the act of 1879, and within the limit of section 3145 of the Revised Statutes, amounting in the aggregate to the sum of $4,724.78.